IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**


Civil Action No. 08–cv–01599-CMA-KMT


DANA COOPER,

     Plaintiff,

v.

SGT. RHONDA BELCHER,
LT. BERNADETTE SCOTT,
SGT. DODGE, and
ASSOCIATE WARDEN CAROL SOARES,

     Defendants.

---

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Kathleen M. Tafoya**
**United States Magistrate Judge**

     This case comes before the court on the plaintiff's motions for an "Injunction" (Doc. #37,

filed December 17, 2008) and "Interlocutory Injunction" (Doc. #24, filed November 14,

2008)(the "Motions"). These Motions will be construed by the court as plaintiff's requests for a

temporary restraining order. I respectfully RECOMMEND that the Motions be DENIED.

     The plaintiff is requesting a temporary restraining order pursuant to Fed. R. Civ. P. 65(b).

However, where the opposing party has notice, as here, "the procedure and standards for

issuance of a temporary restraining order mirror those for a preliminary injunction" under Fed.

R. Civ. P. 65(a).  *Emmis Communications Corp. v. Media Strategies, Inc.*, 2001 WL 111229, *2 (D. Colo. Jan. 23, 2001).

Injunctive relief is a drastic remedy and is granted only in cases where the right to relief is clearly established.  *Goldammer v. Fay*, 326 F.2d 268, 270 (10th Cir. 1964).  The burden is on the movant to establish his right to the relief requested.  *Penn v. San Juan Hospital, Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975).  To obtain a preliminary injunction under Rule 65(a), the plaintiff must show that (1) he will suffer irreparable injury unless the injunction issues; (2) the threatened injury to the moving party outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood that the moving party will eventually prevail on the merits. *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir.1980).  The plaintiff's right to relief must be clear and unequivocal. *Penn*, 528 F.2d at 1185.

The plaintiff is currently incarcerated by the Colorado Department of Corrections at the Sterling Correctional Facility.  He seeks injunctive relief because he was prevented from filing multiple grievances.  In his "Interlocutory Injunction" (#24), the plaintiff argues that his "1st Amendment grieveble [sic] rights are still being obstructed.  Plaintiff has attempted to access the grievance system for very serious medical and non medical grievances." According to documents provided by the plaintiff in his motion (#24), he previously filed 28 grievances, that were deemed "frivolous" by the prison, within a time period of 60 days.  The plaintiff was given written notice of his imposed grievance restriction: he was only allowed to file one grievance per month for a period of 180 calendar days.  However, the plaintiff continued to file 14 additional

grievances in a period of 10 days. The limitation against filing excessive grievances was placed against the plaintiff because the prison determined that he was abusing the grievance system.

In his "Injunction"(#37), plaintiff claims that defendants were preventing him from sending out legal mail, and that "Defendants has [sic] foiled plaintiffs [sic] attempt to pay this courts [sic] filing fee payment." Despite making this assertion, the plaintiff offers no evidence that defendants were retaliating against him for filing his prior grievances. It appears that the exhibit attached to the plaintiff's motion is a photocopy of an envelope that has "not legal mail" written on it pursuant to prison policy governing legal mail.

The plaintiff has failed to meet his burden to establish a clear and unequivocal right to injunctive relief. He does not provide any discussion relevant to the factors outlined in *Lundgrin*. In particular, the plaintiff has shown that there is a substantial likelihood that he will eventually prevail on the merits. Moreover, injunctions are issued "to prevent existing or presently threatened injuries. One will not be granted against something merely feared as liable to occur at some indefinite time in the future." *Connecticut v. Massachusetts*, 282 U.S. 660, 674 (1931). The plaintiff does not allege facts sufficient to demonstrate an existing or presently threatened injury.

WHEREFORE, for the foregoing reasons, I respectfully

RECOMMEND that plaintiff's motions for an "Injunction" (#37) and "Interlocutory Injunction"(#24) be DENIED.

3

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc*., 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the

ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated December 23, 2008

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge