IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–01599-CMA-KMT

DANA COOPER,

      Plaintiff,

v.

SGT. RHONDA BELCHER,
LT. BERNADETTE SCOTT,
SGT. DODGE, and
ASSOCIATE WARDEN CAROL SOARES,

      Defendants.

_____

## ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**Kathleen M. Tafoya, United States Magistrate Judge**

This case comes before the court on (1) Plaintiff's "Motion Interlocutory Injunction 28

2284" (Doc. No. 35, filed December 17, 2008); and (2) Plaintiff's "Motion to Amend

Injunction" (Doc. No. 41, filed December 23, 2008).

In document number 35, the plaintiff appears to be requesting a temporary restraining

order pursuant to Fed. R. Civ. P. 65(b).  Where the opposing party has notice, as here, "the

procedure and standards for issuance of a temporary restraining order mirror those for a

preliminary injunction" under Fed. R. Civ. P. 65(a).  *Emmis Communications Corp. v. Media*

*Strategies, Inc.*, 2001 WL 111229, *2 (D. Colo. Jan. 23, 2001).

> A party seeking preliminary injunction must meet the following four conditions:
>
> (1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999). A party seeking injunctive relief must found his effort on specific factual allegations. *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th Cir. 1992). Ultimately, because "a preliminary injunction is an extraordinary remedy," the moving party must establish that his "right to relief [is] clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

In Plaintiff's motion filed December 17, 2008 (Doc. No. 35), Plaintiff seeks an injunction regarding inmate banking and regarding legal mail. The court will first address the motion regarding inmate banking. (*See* Doc. No. 35 at 9–41.) Plaintiff seeks an order from the court requiring the defendants to "comply with AR 200-2." (Doc. No. 35 at 2.) Plaintiff also requests that Defendants be ordered to "ensure plaintiff receives the $8.92 he did not receive" and asserts that after receiving payment of $85, the amount is reduced by 50% after a mandatory payment of amounts are subtracted. (Doc. 35 at 2, 8.) Plaintiff asserts that a mandatory payment of $17 should have been subtracted from the $85 deposit before the 50% reduction occurred. (Id.).

Pursuant to AR 200-2(IV)(E)(2), "[i]f the offender has a deficit current balance, 50 percent of deposits will be applied to the offender's available balance, prior to mandatory withholding." (Doc. No. 42, Ex. 1.) Defendants argue that, as applied to Plaintiff's case, AR 200-2 requires that the $85 deposit be reduced by 50% to $42.50. (*Id.* at 2.) Defendants state

that after that reduction, the mandatory withholding of $17 is correctly applied to calculate to

$25.50 as of 10/25/08. (*Id.*) Therefore, Defendants contend Plaintiff is not owed the $8.92 he

claims to be owed. (*Id.*)

After review of Defendants' response and AR-200, attached to the response as Exhibit 1,

the court finds it is unlikely Plaintiff ultimately will prevail on the merits regarding this claim.

Accordingly, Plaintiff's motion for an injunction as it relates to inmate banking is properly

denied.

Plaintiff's motion for an injunction regarding his legal mail seeks an order that will

restrain Defendants "from obstructing plaintiffs out going [sic] legal mail." (Doc. No. 35 at 10.)

Plaintiff asserts that CDOC has "determined they will no longer enable plaintiff by sending out

legal mail at will." (*Id.* at 9). Plaintiff seems to be asserting that he was unable to send "legal

mail" at DOC's expense. (*Id.*) Defendants do not dispute CDOC rejected Plaintiff's attempt to

send two letters. (Doc. No. 53 at 2.) Administrative Regulation ("AR") 300-38(IV)(B)(9)(c)

provides "[l]egal mail shall be sent at the DOC's expense to avoid delay." (*Id.*, Ex. 1.) "For the

purpose of providing postage, legal mail is that addressed to a court, Office of the Attorney

General, the offender's attorney of record, Office of the District Attorney, opposing parties,

co-defendants, and co-plaintiffs only." (*Id.*)

Plaintiff alleges in his motion that he attempted to send two letters with numerous pages

of letters and documentation to Attorneys Darrell S. Elliott and Darrold Kilmer. (Doc. 35 at

11-12, 38, Exs. A and B; *See also* Doc. 35, pp. 11-41.) The letters appear to address Plaintiff's

criminal cases and do not address the issues related to this matter. Defendants assert that, upon

review of the records in Plaintiff's criminal case, neither Mr. Elliott nor Mr. Kilmer are Plaintiff's counsel of record on those matters. (Doc. No. 53 at 2–3, Exs. 2, 3.) Therefore, Defendants argue, as neither attempted recipient is Plaintiff's counsel of record, the letters he attempted to send were not "legal mail" for the purpose of providing postage.

The court agrees with Defendants that it is unlikely Plaintiff ultimately will prevail on the merits regarding this claim. Furthermore, Plaintiff has failed to show he will suffer any irreparable injury in absence of an injunction. Accordingly, Plaintiff's motion for an injunction as it relates to legal mail is properly denied.

With respect to document number 41, Plaintiff seeks to amend previous motions for temporary or permanent injunction. Therefore, in light of this court's previous recommendations that the motions for temporary or permanent injunction be denied, the court denies the motion to amend as moot.

Accordingly, for the foregoing reasons, this court respectfully

**RECOMMENDS** that Plaintiff's "Motion Interlocutory Injunction 28 2284" (Doc. No. 35, filed December 17, 2008) be DENIED.

This court further

**ORDERS** that Plaintiff's "Motion to Amend Injunction" (Doc. No. 41, filed December 23, 2008) be DENIED.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with

the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that

does not put the District Court on notice of the basis for the objection will not preserve the

objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and

recommendation must be both timely and specific to preserve an issue for de novo review by the

district court or for appellate review."  *United States v. One Parcel of Real Property Known As*

*2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make

timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's

decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at

1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the District Court or for appellate

review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52

F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's

order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United*

*States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived

their right to appeal the Magistrate Judge's ruling).  *But see, Morales-Fernandez v. INS*, 418

F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice

require review).

Dated this 12th day of March, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge