IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08–cv–01599-CMA-KMT

DANA COOPER,

　　Plaintiff,

v.

SGT. RHONDA BELCHER,
LT. BERNADETTE SCOTT,
SGT. DODGE, and
ASSOCIATE WARDEN CAROL SOARES,

　　Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

**Kathleen M. Tafoya, United States Magistrate Judge**

　　This case comes before the court on Plaintiff's "Motion 28 US 2284 Interlocutory Injunction" (Doc. No. 55, filed February 24, 2009). The plaintiff appears to be requesting a temporary restraining order pursuant to Fed. R. Civ. P. 65(b). Where the opposing party has notice, as here, "the procedure and standards for issuance of a temporary restraining order mirror those for a preliminary injunction" under Fed. R. Civ. P. 65(a). *Emmis Communications Corp. v. Media Strategies, Inc.*, 2001 WL 111229, *2 (D. Colo. Jan. 23, 2001).

A party seeking preliminary injunction must meet the following four conditions:

(1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999). A party seeking injunctive relief must found his effort on specific factual allegations. *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th Cir. 1992). Ultimately, because "a preliminary injunction is an extraordinary remedy," the moving party must establish that his "right to relief [is] clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

In Plaintiff's motion he seeks an injunction regarding his legal mail. Plaintiff asserts Defendants have failed to allow him to send legal mail to 1) Judge John Williams; 2) Attorney Keith Coleman; 3) Larimer County District Attorney Larry R. Abrahamson; 4) John Suthers, Attorney General; and 5) Robert C. Huss, Assist. Attorney General. (Doc. No. 55 at 1.) Administrative Regulation ("AR") 300-38(IV)(B)(9)(c) provides "[l]egal mail shall be sent at the DOC's expense to avoid delay." (*See* Doc. 35, Ex. 1.) "For the purpose of providing postage, legal mail is that addressed to a court, Office of the Attorney General, the offender's attorney of record, Office of the District Attorney, opposing parties, co-defendants, and co-plaintiffs only." (*Id.*)

Defendants dispute Plaintiff's claims that the CDOC rejected Plaintiff's attempts to send the mail, stating they "have in good faith received information from SCF that may indicate Plaintiff never attempted to send the letters." (Doc. No. 73 at 3.) In addition, Defendants argue

that the letters appear to address Plaintiff's criminal cases and do not address the issues related to this matter. (*Id.* at 2.) Upon review of the letters attached to Plaintiff's motion, the court agrees. The court also agrees with Defendants Plaintiff has failed to show he will suffer any irreparable injury in absence of an injunction, as the irreparable harm Plaintiff alleges will occur is related to his criminal matter. The court also finds the is little likelihood Plaintiff ultimately will prevail on the merits. Furthermore, Plaintiff has failed to show that his "right to relief [is] clear and unequivocal." *Schrier*, 427 F.3d at 1258. Accordingly, Plaintiff's motion for an injunction as it relates to legal mail is properly denied.

Accordingly, for the foregoing reasons, this court respectfully

**RECOMMENDS** that Plaintiff's "Motion 28 US 2284 Interlocutory Injunction" (Doc. No. 55) be DENIED.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make

timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 12th day of March, 2009.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge

4