IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08–cv–01599–CMA–KMT
    (Consolidated with 08–cv–02536–CMA–KMT; 09–cv–00662–CMA–KMT;
    09–cv–00667–CMA–KMT; 09–cv-00754–CMA; and 09–cv–00961–CMA)

DANA COOPER,

    Plaintiff,

v.

SGT. RHONDA BELCHER,
LT. BERNADETTE SCOTT,
SGT. DODGE,
ASSOCIATE WARDEN CAROL SOARES,
WARDEN KEVIN MILYARD,
C/O HARDY,
LLOYD WAIDE,
C/O NICHOLAS HANEY,
C/O STARNER,
LT. CARPENTER,
C/O UMMEL,
CAPT. MISTY LOGAN,
SGT. MARIE LEIBA,
LT. STEVEN MAY,
MICHAEL NEGLEY,
EDELEN,
DONALD CANFIELD,
C/O GOMEZ,
C/O JENKINS
MANNING,
BRIAN WEBSTER,
FORTUANATO,
BEVERLY DOWIS,
CHARLENE LARSON,
JOHN CHAPDELAINE, and
LT. ALLEN HARMS,

    Defendants.

---

### **RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
---

**Kathleen M. Tafoya, United States Magistrate Judge**

This case comes before the court on Plaintiff's "Rule 65(b) Motion Interlocutory Injunction" (Doc. No. 124, filed July 17, 2009). The plaintiff is requesting injunctive relief pursuant to Fed. R. Civ. P. 65(b).

A party seeking preliminary injunction must meet the following four conditions:

> (1) the movant will suffer irreparable harm unless the injunction issues; (2) there is a substantial likelihood the movant ultimately will prevail on the merits; (3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and (4) the injunction would not be contrary to the public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999). A party seeking injunctive relief must found his effort on specific factual allegations. *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th Cir. 1992). Ultimately, because "a preliminary injunction is an extraordinary remedy," the moving party must establish that his "right to relief [is] clear and unequivocal." *Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

Plaintiff seeks injunctive relief to restrain DOC staff "from retaliating against plaintiff" for filing lawsuits and from "threatening, extorting, assaulting and refuseing [sic] plaintiff hygiene kits . . . ." (Mot. at 1–2.) Plaintiff also has attached copies of grievances filed by him regarding his Inmate Banking Account's negative balance and postage and photocopy debts. (*Id.* at 3–12.) In response to his grievances, the grievance officer explained that CDOC policies

dictate how inmate bank accounts are handled. (*Id.* at 3.) The grievance officer also explained that Plaintiff is eligible to receive hygiene kits and the procedure by which to do so. (*Id.*)

Plaintiff has failed to address any of the four factors required for Plaintiff to obtain injunctive relief. He has failed to show he will suffer irreparable harm; he has failed to show there is a substantial likelihood he will prevail on the merits; he has failed to show how his alleged injury outweighs any harm the proposed injunction may cause the defendants; and he has failed to show that an injunction would not be contrary to the public interest. *ACLU v. Johnson*, 194 F.3d at 1155. Plaintiff has failed to establish that his "right to relief [is] clear and unequivocal." *Schrier*, 427 F.3d at 1258. Accordingly, Plaintiff's motion for an injunction is properly denied.

Accordingly, for the foregoing reasons, this court respectfully

**RECOMMENDS** that Plaintiff's "Rule 65(b) Motion Interlocutory Injunction" (Doc. No. 124) be DENIED.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the

district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418

F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 24th day of August, 2009.

**BY THE COURT:**

Kathleen M. Tafoya
United States Magistrate Judge