**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 08-cv-01599-CMA-KMT
(Consolidated with 08-cv-02536-CMA-KMT; 09-cv-00662-CMA-KMT;
09-cv-00667-CMA-KMT; 09-cv-00754-CMA; and 09-cv-00961-CMA)

DANA COOPER,

    Plaintiff,

v.

SGT. RHONDA BELCHER,
LT. BERNADETTE SCOTT,
SGT. DODGE, and
ASSOCIATE WARDEN CAROL SOARES,

    Defendant.

---

**ORDER REGARDING MOTIONS FOR INTERLOCUTORY INJUNCTIVE RELIEF**

---

This matter is before the Court on Plaintiff's multiple motions for interlocutory injunctive relief.  (Doc. ## 24, 35, 37, 55, 124, and 141.)  The Court referred Doc. ## 24, 35, 37, 55, and 124, to the Magistrate Judge, who recommended that this Court deny each of them.  (*See* Doc. ## 40, 63, 74, and 136.)  Plaintiff filed objections to certain of the Magistrate Judge's recommendations.  (*See* Doc. ## 48, 83, and 89.)  However, Plaintiff has not filed a timely objection to the Magistrate Judge's most recent recommendation.

The Motions at issue in this order each request some form of interlocutory and/or preliminary injunctive relief.  Under, Federal Rule 65(b), a party seeking preliminary injunction must meet the following four conditions:

(1) the movant will suffer irreparable harm unless the injunction issues;
(2) there is a substantial likelihood the movant ultimately will prevail on the merits;
(3) the threatened injury to the movant outweighs any harm the proposed injunction may cause the opposing party; and
(4) the injunction would not be contrary to the public interest.

*ACLU v. Johnson*, 194 F.3d 1149, 1155 (10th Cir. 1999).  A party seeking injunctive relief must provide specific factual allegations.  *Longstreth v. Maynard*, 961 F.2d 895, 902 (10th Cir. 1992).  Ultimately, because "a preliminary injunction is an extraordinary remedy," the moving party must establish that his "right to relief [is] clear and unequivocal."  *Schrier v. University of Colo.*, 427 F.3d 1253, 1258 (10th Cir. 2005).

### **Doc. ## 24, 35, 37, and 55**

Regarding Plaintiff's motions reflected at Doc. ## 24, 35, 37, and 55, the Court has conducted the requisite *de novo* review of the issues, the Magistrate Judge's recommendations and Plaintiff's objections.  Based on this review, the Court concludes that the Magistrate Judge's thorough and comprehensive analyses and recommendations are correct.  The Magistrate Judge concluded that Plaintiff had failure to meet his burden to establish each of the four elements under Federal Rule 65, and the Court agrees with the Magistrate Judge's conclusions.

### **Doc. # 141**

Regarding Doc. # 141, Plaintiff's most recent motion for injunctive relief, which has not been referred to the Magistrate Judge, the Court again concludes that Plaintiff has not presented sufficient evidence to establish that he is entitled to preliminary injunctive relief.  In Doc. # 141, Plaintiff requests that this Court preliminarily enjoin

Defendants from obstructing his legal mail. However, Plaintiff offers only vague, unsupported allegations to substantiate his requested injunction. The lone evidentiary exhibit submitted by Plaintiff appears to be a Department of Corrections mail form, but this exhibit in no way establishes that Defendants have impeded or refused to send Plaintiff's legal mail. As such, Plaintiff has not presented any facts from which the Court may determine that Plaintiff will suffer irreparable harm or that he has a substantial likelihood of success on the merits, let alone that his right to a preliminary injunction is clear and unequivocal.

## **Doc. # 124**

Regarding Doc. # 124, the Magistrate Judge recommended that this Court again deny Plaintiff's Motion because Plaintiff could not satisfy the standard for preliminary injunctive relief. The Magistrate Judge's Recommendation also advised the parties that specific written objections were due within ten (10) days after being served with a copy of the Recommendation. (Doc. # 136 at 3-4.) Despite this advisement, no objections to the Magistrate Judge's Recommendation were filed by either party.

> "In the absence of timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate." *Summers v. Utah,* 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn,* 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").

Applying this standard, the Court concludes that the Recommendation of the Magistrate Judge (Doc. # 136) is sound and that there is no clear error on the face of the record.  *See* Fed.R.Civ.P. 72(a).

### **Frivolous Filings May Result in Sanctions**

Finally, the Court notes that Doc. # 141 is Plaintiff's sixth unsuccessful motion for interlocutory injunctive relief in this matter.  Given the utter lack of merit in any of these six motions, the Court directs Plaintiff to review the warning that the Court previously issued regarding frivolous or vexatious litigation (*see* Doc. # 94 at 2) and reminds Plaintiff that additional frivolous motions or pleadings may result in dismissal of this case and restrictions on his ability to file future lawsuits or motions.  Plaintiff should consider this Order his final warning on this subject before sanctions of some type will be imposed.

Accordingly,

The Recommendations of the Magistrate Judge (Doc. ## 40, 63, 74, and 136), which are incorporated by reference herein, are AFFIRMED and ADOPTED; and

Plaintiff's Motions for interlocutory injunctive relief (Doc. ## 24, 35, 37, 55, 124, and 141) are DENIED.

DATED:  September __18__, 2009

BY THE COURT:

*Christine M Arguello*
_____
CHRISTINE M. ARGUELLO
United States District Judge