**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Christine M. Arguello**

Civil Action No. 08-cv-01599-CMA-KMT
(Consolidated with 08-cv-02536-CMA-KMT; 09-cv-00662-CMA-KMT;
09-cv-00667-CMA-KMT; 09-cv-00754-CMA; and 09-cv-00961-CMA)

DANA COOPER,

      Plaintiff,

v.

SGT. RHONDA BELCHER,
LT. BERNADETTE SCOTT,
SGT. DODGE,
ASSOCIATE WARDEN CAROL SOARES,
WARDEN KEVIN MILYARD,
CORRECTIONS OFFICER HARDY,
LLOYD WAIDE,
CORRECTIONS OFFICER NICHOLAS HANEY,
CORRECTIONS OFFICER STARNER,
LT. CARPENTER,
CORRECTIONS OFFICER UMMEL,
CAPTAIN MISTY LOGAN,
SGT. MARIE LEIBA,
LT. STEVEN MAY,
MICHAEL NEGLEY,
EDELEN,
DONALD CANFIELD,
CORRECTIONS OFFICER GOMEZ,
CORRECTIONS OFFICER JENKINS,
MANNING,
BRIAN WEBSTER,
FORTUNATO,
BEVERLY DOWIS,
CHARLENE LARSON,
JOHN CHAPDELAINE, and
LT. ALLEN HARMS

      Defendants.

**ORDER IMPOSING FILING RESTRICTIONS PURSUANT TO 28 U.S.C. § 1651(a)**

This matter is before the Court *sua sponte*.

Plaintiff Dana Cooper is a prisoner at Colorado State Penitentiary. He was previously incarcerated at Sterling Correctional Facility.

The above-listed Defendants are all employees of the Colorado Department of Corrections ("CDOC") at Sterling Correctional Facility ("Sterling"),[1] where *pro se* prisoner Plaintiff Dana Cooper used to be incarcerated.[2] This Consolidated Action consists of six separate 42 U.S.C. § 1983 lawsuits (the "Sterling Actions") filed by Plaintiff over the course of nine months, from July 29, 2008 through April 27, 2009, while a prisoner at Sterling, prior to being transferred to Colorado State Penitentiary. Each lawsuit stems from Defendants' alleged violations of Plaintiff's constitutional rights under the First, Fourth, Eighth, and Fourteenth amendments. In support of Plaintiff's constitutional claims, Plaintiff contends that the above-named Defendants engaged in various acts of retaliatory conduct, including sexual assault and molestation, in retaliation for Plaintiff's filing, or thwarted attempts to file, various grievances and/or lawsuits against Defendants. In all, the Consolidated Action consists of allegations

---

[1] Defendants Marie Leiba and Brian Webster are no longer employed by the CDOC.

[2] Plaintiff is now incarcerated at Colorado State Penitentiary. All the alleged conduct in the Consolidated Action occurred at the Sterling Correctional Facility; none occurred at Colorado State Penitentiary.

against 26 defendants, 20 of whom Plaintiff accuses of having directly or indirectly participated in his repeated sexual assault or molestation.

In June 2009, Plaintiff was transferred from the Sterling Correctional Facility to the Colorado State Penitentiary.  (*See* Case No. 09-cv-02219, Doc. # 3 at 6.)  Since that transfer, Plaintiff has filed no less than thirteen prisoner complaints (the "Colorado State Penitentiary Actions").  Nine of these Colorado State Penitentiary Actions were either voluntarily dismissed, dismissed due to Plaintiff's failure to prosecute, dismissed due to duplicity with other filed actions, or dismissed on grounds of maliciousness.[3]  Each of the Colorado State Penitentiary Actions asserts that the defendants engaged in retaliation against, or sexual assault and molestation of, Plaintiff.

In Orders issued contemporaneously with the instant Order, this Court has dismissed, with prejudice, for failure to state a claim and on grounds of maliciousness and frivolousness, Plaintiff's claims in the Consolidated Action (Doc. # 198) and dismissed, with prejudice, as a sanction under Fed. R. Civ. P. 41(b) and 28 U.S.C. § 1915(e)(2)(B)(i), the following Colorado State Penitentiary Actions: Nos. 09-cv-02965 (Doc. # 21); 10-cv-00025 (Doc. # 17); 10-cv-00560 (Doc. # 24); and 10-cv-00716 (Doc. # 13).

---

[3]  The dismissed actions are Case Nos. 09-cv-01871; 09-cv-02218; 09-cv-02219; 10-cv-00361; 10-cv-00522; 10-cv-00978; 10-cv-01610; 10-cv-01823; and 10-cv-01824.

## I.  FILING RESTRICTIONS PURSUANT TO 28 U.S.C. § 1651(a)

In light of Plaintiff's well-established history of filing frivolous, malicious, and duplicative actions against numerous corrections facility employees and other law enforcement officials, this Court finds that the imposition of filing restrictions are warranted.  *See* Appendices A and B for summaries of the various Sterling and Colorado State Penitentiary Actions.

"A district court has power under 28 U.S.C. § 1651(a) to enjoin litigants who abuse the court system by harassing their opponents."  *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989).  Further, "[t]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances.  Even onerous conditions may be imposed upon a litigant as long as they are designed to assist the district court in curbing the particular abusive behavior involved."  *Id.* (internal quotation and citations omitted).  Despite the fact that filing restrictions should not foreclose meaningful access to the courts, "the right of access to the courts is neither absolute nor unconditional, and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious."  *Id.* at 352-353 (internal citations omitted).  Among the various restrictions available to district courts include prohibitions against the filing of complaints raising the same or similar allegations or addressing specific subject matter.  *See*, *e.g.*, *Sickle v. Holloway*, 791 F.2d 1431, 1437 (10th Cir. 1986); *Castro v. United*

*States*, 775 F.2d 399, 402 (1st Cir. 1985), *abrogated on other grounds by Stevens v. Dept. of Treasury*, 500 U.S. 1 (1991).

In the instant case, no question exists as to whether Plaintiff's incessantly frivolous and malicious claims prejudice any defendant who becomes the subject of Plaintiff's lawsuits. The targeted defendants have to expend resources on Plaintiff's unsupported allegations and are harmed by being publicly and baselessly accused of lascivious conduct.

Further, Plaintiff's continuous and willful filing of cumulative, conclusory, speculative, highly suspect, and frivolous and malicious pleadings, in direct contravention of court orders, has, without question, interfered with the judicial process, vexatiously and unnecessarily multiplied the proceedings, and exhausted a significant amount of precious judicial resources.

Accordingly, for the foregoing reasons, the Court will impose prospective filing restrictions on Mr. Cooper. These filing restrictions will be "narrowly tailored, at least in the first instance" and will assist the Court in curbing the abusive behavior. *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007); *see also Smith v. Krieger*, Nos. 09-1503, 10-1012, 2010 WL 2912186, at *8-*11 (10th Cir. July 27, 2010) (unpublished). Mr. Cooper will not be permitted to file new actions alleging retaliation, sexual abuse or molestation, or sexual harassment in this Court without the representation of a licensed attorney admitted to practice in the District of Colorado. The requirement that he have

such counsel will be lifted only if he has obtained permission from this Court to proceed *pro se.* In order to obtain such permission, he must take the following steps:

(1)    File a motion with the Clerk of this Court requesting leave to file a *pro se* case;

(2)    The motion for leave to proceed *pro se* must include a list, by case name, number, and citation where applicable, of all proceedings currently pending or filed previously in this Court, with a statement indicating the nature of this involvement in, and the current status or disposition of, each proceeding;

(3)    The motion for leave to proceed *pro se* must identify the legal issues that the proposed new complaint raises and whether he has raised these issues in other proceedings in this Court. If so, he must cite the case number and docket number where such legal issues have been previously raised.

If Mr. Cooper files a *pro se* action without permission of this Court to do so, it will be summarily dismissed.

## II.  CONCLUSION

Accordingly, based on the foregoing, IT IS ORDERED THAT Plaintiff shall file any written objections to the proposed filing restrictions by no later than September 7, 2010; such objections shall not exceed 10 double-spaced pages, written legibly.

IT IS FURTHER ORDERED THAT, in the absence of timely objections, the above-described filing restrictions shall take effect on September 10, 2010.  If Plaintiff does file timely objections, the restriction shall not take effect until the Court rules on the objections.

DATED:  August __24__, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge

# APPENDIX A

## STERLING ACTIONS: OPERATIVE DATES, DEFENDANTS AND ALLEGATIONS

| Date Plaintiff Executed *In Forma Pauperis* Motion | Case No. | Defendants | Alleged Conduct / Period of Alleged Conduct |
|---|---|---|---|
| July 20, 2008 | 08-cv-01599 (consolidated) | Sgt. Rhonda Belcher, Lt. Bernadette Scott, Sgt. Dodge, Assoc. Warden Carol Soares | Harassment, sexual molestation, and sexual assault; retaliatory filing of discipline reports; inhibiting and/or prohibiting P from filing grievances. |
| October 21, 2008 | 08-cv-02536 (consolidated) | Warden Kevin Milyard, Corrections Officer Hardy, Major Lloyd Waide, Corrections Officer Nicholas Haney | Sexual molestation; retaliatory punishment; confiscation of personal property without due process. |
| March 12, 2009 | 09-cv-00662 (consolidated) | Starner, Carpenter, Ummel | Sexual molestation and inhibition/prohibiting Plaintiff from filing grievances / Mid-to-late 2008 through March 2009. |
| March 15, 2009 | 09-cv-00667 (consolidated) | Logan, Leiba, May, Negley, Milyard | Conspiring to fire Plaintiff from his job and filing false conduct report; prohibiting Plaintiff from filing grievances / Late 2007 - March 2008. |
| March 22, 2008 | 09-cv-00754 (consolidated) | Edelen, Canield, Gomez, Jenkins, Carpenter, and Manning | Sexual molestation and Inhibiting/prohibiting Plaintiff from filing grievances / September 2008. |
| April 16, 2009 | 09-cv-00961 (consolidated) | Webster, Fortunato, Dowis, Larson, Chapdelaine, Milyard, and Harms | Harassment and sexual molestation; filing false disciplinary report against Plaintiff; inhibiting and/or prohibiting Plaintiff from filing grievances. |

# APPENDIX B

## COLORADO STATE PENITENTIARY ACTIONS: OPERATIVE DATES, DEFENDANTS, AND ALLEGATIONS

| Date Plaintiff Executed *In Forma Pauperis* Motion | Case No. | Defendants* <br><br> *names in bold have been named in multiple actions | Alleged Conduct/Period of Alleged Conduct | Status of Case |
|---|---|---|---|---|
| on or around 8/7/2009 | 09-cv-01871 | **Lt. Heidenthal**, Corrections Officer Johnson, Sgt. West, and **Warden Jones** | Unknown; Actual complaint never filed | Dismissed due to Plaintiff's failure to cure deficiencies. |
| 8/28/2009 | 09-cv-02218 | Sgt. Roberts, **Warden Susan Jones**, J. Dalton, **Carl Holditch**, R. Manning, Anthony DeCesaro, Corrections Officer Goudeau, and Sgt. Padilla, and **Lt. Heidenthal** | Harassment, sexual molestation, and sexual assault; grievance filing limitations; failure to investigate grievances/July 2008 - August 2009 | Voluntarily dismissed. |
| 8/26/2009 | 09-cv-02219 | **Sgt. Binder, Warden Jones, Corrections Officers Vialaprando and Simmons; Lt. Chavez** | Harassment, sexual molestation, and sexual assault; retaliatory confiscation of Plaintiff's legal documents and revocation of certain privileges/ June 2009-July 2009. | Voluntarily dismissed. |
| 12/10/09 | 09-cv-02965 | **Sgt. Binder, Warden Jones, Corrections Officers Vialaprando and Simmons**; and **Lt. Chavez** | Harassment, sexual molestation; revocation of certain privileges; destruction of legal documents/July 2009 | Still pending. |

| | | | | |
|---|---|---|---|---|
| 12/21/09 | 10-cv-00025 | Corrections Officers Finnigan and D Trujillo; **Major Holditch**, and Lt. Martz | Harassment, sexual molestation; confiscation of legal materials; denying Plaintiff sleep; interference with Plaintiff's grievance filings/ October 2009-November 2009. | Still pending. |
| 2/8/10 | 10-cv-00361 | Corrections Officers Rebeterano, Elizardo, and Romero; Captain Dalton | Unknown; actual complaint never filed | Dismissed due to Plaintiff's failure to cure deficiencies. |
| 2/21/10 | 10-cv-00522 | Corrections Officers Archeletta, Duty, Thomas, Lombardo, **Vialaprando**, Demille, Kenitzer, and Kristen; Case Manager Beard, Captain Huertas, **Associate Warden Allan, Lt. Chavez,** Sgt. Meyer, and **Warden Jones** | Unknown; actual complaint never filed | Dismissed due to Plaintiff's failure to cure deficiencies. |
| 2/25/10 | 10-cv-00560 **(re-filing of 10-cv-00522)** | **Corrections Officers Archeletta**, Duty, Thomas, Lombardo, **Vialaprando**, Demille, Kenitzer, and Kristen; Case Manager Beard, Captain Huertas, Associate Warden Allan, **Lt. Chavez**, Sgt. Meyer,  and **Warden Jones** | Harassment, sexual molestation, and sexual assault; retaliatory termination of Plaintiff from his prison job; retaliatory interference with Plaintiff's grievance filings/ June 2009-February 2010 | Still pending. |

| | | | | |
|---|---|---|---|---|
| 3/15/10 | 10-cv-00716 **(a re-filing of 09-cv-02218)** | Sgt. Roberts, **Warden Susan Jones**, J. Dalton, **Carl Holditch**, R. Manning, Anthony A. DeCesaro, Corrections Officer Goudeau, Sgt. Padilla, and Lt. Heidenthal | Harassment, sexual molestation, and sexual assault; grievance filing limitations; failure to investigate grievances/July 2008 - August 2009 | Still pending. |
| 4/16/10 | 10-cv-00978 | Lt. Burke, **Assoc. Warden Allen, Warden Susan Jones**, Lt. J. Pacheco, **Lt. Chavez**, and **Corrections Officer P. Archuleta** | Sexual molestation; retaliatory confiscation of legal documents; improperly finding Plaintiff guilty of prison rule violations; interference with Plaintiff's grievance filings/ February 2010-April 2010 | Dismissed because claims are repetitive of claims in other filed actions. |
| 6/24/10 | 10-cv-01610 | c/o L. Vigil | Sexual assault | Dismissed because claims are repetitive of claims in another filed action. |
| 7/18/10 | 10-cv-01823 | **Lt. Dale Burke, Lt. J. Pacheco,** Case Manager Carmen Estrada | Retaliatory interference with Plaintiff's grievance filings; improperly finding Plaintiff guilty of prison rule violations | Dismissed on grounds of maliciousness. |
| 7/18/10 | 10-cv-01824 | Sgt. C. Pool, c/o R. Cooper | Sexual assault | Dismissed on grounds of maliciousness. |